UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ROCHA, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00095-KES-SKO (PC)<br><br>**ORDER SETTING PRETRIAL CONFERENCE AND JURY TRIAL AND ASSOCIATED DEADLINES**<br><br>**Pretrial Conference: 12/9/2024 at 11:00 a.m. via Zoom Video Conference**<br><br>**Jury Trial: 2/11/2025 at 8:30 a.m. in Courtroom 6, 7th Floor** |

Plaintiff Lance Williams is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Florez, Magallanes and Rocha for violations of the First and Eighth Amendments.

**I.    PRETRIAL CONFERENCE AND PROCEDURES**

A pretrial conference is set for **December 9, 2024, at 11:00 a.m.**, before District Judge Kirk E. Sherriff. The pretrial conference will be held via Zoom video conferencing. Defense counsel shall arrange for Plaintiff's participation and shall contact Courtroom Deputy Victoria Gonzales (vgonzales@caed.uscourts.gov) for the connection information. Counsel shall share the connection information with Plaintiff to ensure his participation.[1]

---

[1] A search of the California Incarcerated Records and Information Search (CIRIS) tool, using Plaintiff's CDCR number AG2394, reveals Plaintiff is no longer incarcerated in a CDCR facility. https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=ag2394, as of 8/28/2024.

The parties shall file a separate pretrial statement in compliance with Local Rule 281. Plaintiff shall file his pretrial statement on or before **November 11, 2024**. Defendants shall file their pretrial statement on or before **November 18, 2024**; a copy of Defendants' pretrial statement shall also be emailed in Word format to KESorders@caed.uscourts.gov.

The parties are advised that failure to file a pretrial statement as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any or all witnesses named in Plaintiff's pretrial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove Plaintiff's case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, Plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>  - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court.  This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name,

address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party him or herself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge (*e.g.*, if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify); or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

2.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

The Court will review and rule on the motion(s) for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the writs necessary to cause the witnesses' custodian(s) to bring the witnesses to court.

**Motion(s) for the attendance of incarcerated witnesses, if any, must be filed on or before October 25, 2024. Opposition(s), if any, must be filed on or before November 8, 2024.**

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>  -  It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshals Service unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

If Plaintiff wishes to have the Marshals Service serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than

4

**November 8, 2024**.  In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his or her witnesses, in compliance with the instructions above, no later than **October 25, 2024**.

        5.        <u>Motions in Limine</u>

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area.  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury.  *Id.* at 1111–12 (quotation marks omitted).

Any motions in limine must be served and filed with the Court by **December 27, 2024**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to a motion in limine must be served on the other party and filed with the Court by **January 10, 2025**.  <u>**No reply briefs shall be submitted by the parties.**</u>

An order may be issued prior to trial resolving these motions.  If the Court finds a hearing necessary or beneficial, it will set the matter for a hearing as appropriate.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

**II.      TRIAL DATE**

The jury trial is scheduled to commence on **February 11, 2025, at 8:30 a.m., in Courtroom 6** before District Judge Kirk E. Sherriff.

**III.     EFFECT OF THIS ORDER**

Any party unable to comply with the pretrial conference or trial dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

*The dates for the pretrial conference and jury trial set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is*

*filed*. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Accordingly, **IT IS HEREBY ORDERED** that:

1. This matter is set for a pretrial conference before the Honorable Kirk E. Sherriff on **December 9, 2024**, **at 11:00 a.m., via Zoom Videoconference**. Defense counsel shall arrange for Plaintiff's participation and shall contact Courtroom Deputy Victoria Gonzales (vgonzales@caed.uscourts.gov) for the connection information. Defense counsel shall share the connection information with Plaintiff to ensure his participation;

2. This matter is set for jury trial before the Honorable Kirk E. Sherriff on **February 11, 2025, at 8:30 a.m., in Courtroom 6 on the 7th Floor**;

3. Plaintiff shall serve and file a pretrial statement as described in this order on or before **November 11, 2024**;

4. Defendants shall serve and file a pretrial statement as described in this order on or before **November 18, 2024**;

5. In addition to electronically filing a pretrial statement, Defendants shall email the pretrial statement to: KESorders@caed.uscourts.gov;

6. If a party intends to call incarcerated witnesses at time of trial, the party shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **October 25, 2024**;

7. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **November 8, 2024**;

8. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **November 8, 2024**, and Plaintiff must submit the money orders, as described in subsection 4 of this Order, to the Court on or before **October 25, 2024**;

9. Motions in limine, if any, shall be filed on or before **December 27, 2024**;

6

10. Oppositions to motions in limine, if any, shall be filed on or before **January 10, 2025**; and

11. The Clerk of the Court is directed to send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated: **August 28, 2024**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE