UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. ROCHA, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00095-KES-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE DISCOVERY**<br><br>(Doc. 49) |

Plaintiff Lance Williams is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Florez, Magallanes and Rocha for violations of the First and Eighth Amendments.

**I.    BACKGROUND**

The Court issued its Discovery and Scheduling Order on December 21, 2023. (Doc. 43.) After all discovery deadlines expired, on August 27, 2024, the Court issued its "Order Setting Settlement Conference and Procedures." (Doc. 47.)

On August 29, 2024, the Court issued its "Order Setting Pretrial Conference and Jury Trial and Associated Deadlines" to be heard before District Judge Kirk E. Sherriff. (Doc. 48.)

On September 10, 2024, Plaintiff filed a document titled "Reinstatement of Discovery Due to Defense Refusal to Participate in Discovery After Settlement Conference or Before." (Doc. 49.) Defendants filed an opposition on September 24, 2024. (Doc. 50.)

Following a telephonic pre-settlement conference on October 1, 2024, the Court continued the settlement conference to January 9, 2025, and directed the parties to continue their meet and confer efforts regarding potential settlement. (Doc. 53 [minute order].) An "Amended Order Setting Settlement Conference and Procedures" issued on October 3, 2024.

The Court now addresses Plaintiff's motion to reinstate discovery.

## II.   DISCUSSION

### *Plaintiff's Motion*

Plaintiff seeks to "have discovery reinstated and or extended," citing Defendants' refusal to participate in the discovery process. (Doc. 49 at 1.) Plaintiff states he sent Requests for Production of Documents, Sets One and Two, to Defendants on December 25 and December 28, 2024  (*Id*. at 2), and Defendants responded with objections on February 20, 2024 (*Id*).  On March 10, 2024, Plaintiff sent "an objection and a meet and confer request." (*Id*.) Defendants responded on April 12, 2024, "requesting a deposition and responding to meet and confer request other than saying to call …." (*Id*.) Plaintiff states he called defense counsel Miersma but did not receive a response. (*Id*.) Defendants conducted Plaintiff's deposition, but did not address the "discovery issues … until plaintiff received documents from court citing a pretrial or trial and discovery was closed bullshit." (*Id*. at 2-3.)  Plaintiff contends his due process rights to a fair trial have been violated as a result and requests discovery be reinstated. (*Id*. at 3.)

### *Defendants' Opposition*

In their opposition, Defendants acknowledge that Plaintiff served an objection to their responses to the Request for Production, Set One, on March 19, 2024. (Doc. 50 at 2.) Defendants state they responded by letter on April 12, 2024, asking Plaintiff to contact defense counsel. (*Id*.) On May 2, 2024, Plaintiff advised defense counsel that he wanted Defendants' personnel files and would file a motion to compel if that information was not produced. (*Id*.) The parties agreed on a date for Plaintiff's deposition and to further meet and confer by telephone regarding Plaintiff's request. (*Id*.)

During the May 7, 2024, formal telephonic meet and confer, Plaintiff demanded Defendants' personnel files. (*Id*.) Defendants declined to produce those records, citing the

2

objections raised in their earlier discovery responses. (*Id.*) Plaintiff replied that the parties "were done talking and [that] he would file his motion to compel." (*Id.*)

Defendants note that the deadline for filing a motion to compel was May 21, 2024. (Doc. 50 at 2.) Plaintiff did not file a motion to compel or any other discovery motion until September 10, 2024. (*Id.*) Defendants state Plaintiff has 282 grievances between June 2020 and April 2023, and more than 39 lawsuits and appeals. (*Id.* at 2-3.) Defendants request that Plaintiff's motion be denied because Plaintiff has failed to prosecute and show good cause. (*Id.* at 3.) Specifically, Defendants state Plaintiff was not diligent in conducting discovery because he knew the Discovery and Scheduling Order included deadlines, he served two production of document requests, engaged in meet and confer efforts, and he was aware of the need "to file a motion to compel if he wanted to continue seeking further discovery responses," but failed to do so. (*Id.* at 3.) Defendants state that Plaintiff has failed to "demonstrate that his discovery could not have been anticipated before the discovery cut-off" and provides no basis to indicate any new discovery would lead to admissible evidence. (*Id.* at 4.) Because Plaintiff waited four months after the expiration of the discovery cut-off deadline to file his motion, and fails to show good cause for his request, Defendants request that Plaintiff's motion be denied. (*Id.*)

### *Plaintiff Did Not Act Diligently and Has Not Shown Good Cause*

The Court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 Fed.Appx. 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 2:06–CV–001196 JAM–EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show "good cause" to reopen discovery).

The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end, and the request should be denied. *Id.*

1    Courts consider the following factors when ruling on a motion to reopen discovery: (1)
2    whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party
3    would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the
4    guidelines established by the court, (5) the foreseeability of the need for additional discovery in
5    light of the time allowed for discovery, and (6) the likelihood that the discovery will lead to
6    relevant evidence. *City of Pomona v. SQM North American Corp.*, 866 F.3d 1060, 1066 (9th Cir.
7    2017); *Coleman v. Spearman*, No. 2:19-cv-00369 AC, 2024 WL 3758805, at *2 (E.D. Cal. Aug.
8    12, 2024) (same).

9    The Court notes trial is set to begin on February 11, 2025, before District Judge Sheriff.
10   Second, as outlined above, Defendants have opposed Plaintiff's request to reopen discovery,
11   asserting Plaintiff was not diligent. Third, Defendants do not argue they would be prejudiced
12   were the Court to grant Plaintiff's motion. Fourth, considering whether Plaintiff was diligent in
13   obtaining discovery within the Court's guidelines, the Court finds he was not diligent. The
14   Discovery and Scheduling Order issued on December 21, 2023, and included a May 21, 2024,
15   discovery cut-off date. Plaintiff knew well before that deadline that Defendants opposed
16   Plaintiff's request for production of Defendants' personnel files. Instead of filing a motion to
17   compel, Plaintiff allowed the deadline to pass and waited more than three months to file the
18   instant motion to reopen discovery. Fifth, the need for additional discovery was foreseeable in
19   light of the five-month discovery period provided for in the scheduling order. Regarding the last
20   factor, the likelihood that the discovery will lead to relevant evidence, the Court finds it weighs
21   against granting Plaintiff's request. Plaintiff makes no effort to explain how the personnel records
22   he seeks would lead to admissible evidence were the Court to reinstate discovery.

23   In sum, Plaintiff's motion to reopen discovery will be denied because he did not diligently
24   complete discovery in a timely manner, *Johnson*, 975 F.2d at 609, and the relevant factors do not
25   weigh in favor of granting his request. *City of Pomona*, 866 F.3d at 1066.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion to reinstate or reopen discovery (Doc. 49) is **DENIED**.

IT IS SO ORDERED.

Dated:  **October 8, 2024**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE